IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALIE SWARRAY,** | Civil No. 1:17-cv-0970 |
| Plaintiff, | |
| v. | |
| | Judge Rambo |
| **CRAIG LOWE, et al.,** | |
| | Magistrate Judge Carlson |
| Defendant. | |

# **M E M O R A N D U M**

Before the court is a report and recommendation filed by the magistrate judge in which he recommends that Alie Swarray's petition for a writ of habeas corpus be granted. In his petition, Swarray seeks immediate release from the custody of the Bureau of Immigration and Custody Enforcement ("ICE"). The magistrate judge recommends that Swarray be granted an individualized bond hearing. The government objects to the recommendation.

## I. **Background**

Swarray is a citizen of Sierra Leone who was admitted to the United States as a lawful permanent resident alien under the Diversity Visa Program in July 2001. (Doc. 5-1, p. 11.) On November 28, 2007, Swarray pled guilty to fleeing or eluding a policy officer. (*Id*. at p. 7.) At some point in time, Swarray left the United States and, on September 23, 2014, returned to the United States and applied for admission as a returning lawful permanent resident alien. (*Id.*)

Homeland Security officials at the point of entry learned that there were outstanding state warrants pending against him for two counts of access device fraud and one count of identity theft. (*Id.*) Swarray was turned over to the local authorities for adjudication of the warrants.

On March 15, 2016, following the state court proceedings at which Swarray pled guilty and was sentenced, Swarray was taken into immigration custody. On March 17, 2016, the Department of Homeland Security ("DHS") issued a notice to appear charging Swarray as an inadmissible alien due to his convictions. An immigration judge granted Swarray's application for cancellation of removal citing the fact that he was a lawful permanent resident. (*Id.* at Ex. 3.) On September 27, 2016, the Board of Immigration Appeals ("BIA") vacated the immigration judge's decision and remanded the case to determine if Swarray was eligible for any other form of relief. (*Id.* at Ex. 4.) On July 20, 2017, a hearing was held to decide if Swarray was entitled to seek a stand-alone waiver under INA § 212(h).[1]

## II. Discussion

It is the government's position that when Swarray presented himself for admission to the border on September 23, 2014, he was properly classified as an arriving alien under 8 U.S.C. § 1225(b). The government argues that it possesses

---

[1] By email dated August 15, 2017, this court was informed by the government that Swarray was granted relief but that DHS has appealed that decision.

the authority to detain Swarray for an indefinite and prolonged period without any bond consideration pursuant to 8 U.S.C. §1225(b)(2)(A) and that Swarray is therefore not entitled to any statutory or constitutional due process consideration.

Both parties have thoroughly reviewed the extensive case law on the issue of indefinite detention of aliens. Upon review, the court notes that many of the cases concluded that due process protection for a § 1225(b)(2)(A) detainee is subject to consideration of reasonableness of the length of detention of that alien. *See, e.g.*, *Singh v. Lowe*, Civ. No. 3:17-cv-119, 2017 WL 1157899, *8 (M.D. Pa. March 7, 2017); *Damus v. Tsoukaris*, Civ. No. 16-933, 2016 WL 4203816, *4 (D. N.J. Aug. 8, 2016); *Gregorio-Chacon v. Lynch*, Civ. No. 16-2768, 2016 WL 6208264, *4 (D. N.J. Oct. 24, 2016); and *Viknesrajah v. Koson*, 09-cv-6442, 2011 WL 147901, *6 (W.D. N.Y. Jan. 18, 2011).

### III. Conclusion

Swarray has now been held since March 15, 2016 – a period of almost a year and a half. This period of time appears to be unreasonable and therefore the court will adopt the report and recommendation.

An appropriate order will follow.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: August 18, 2017